IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL BACILIO, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:15-CV-417-Y |
| | § | |
| | § | |
| BLAKE BURNS, et al. | § | |

ORDER DENYING MOTIONS TO TRANSFER and, OPINION and ORDER
OF DISMISSAL UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff Miguel Angel Bacilio's complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Bacilio, an inmate at the Texas Department of Criminal Justice ("TDCJ")'s Fort Stockton Detention Center filed a civil-rights complaint seeking relief under 42 U.S.C. § 1983. (Compl. at 1.) That provision authorizes a person to seek recovery for alleged violations of Constitutional or federal law by a person acting color of law.[1] Although the case was initially filed in the Western District of Texas, it was transferred to this the Fort Worth division of the Northern District of Texas because the events took place in Fort Worth, and the bulk of the individual defendants are located in Fort Worth. (Doc. 4.)

Plaintiff names as defendants private attorney Blake Burns; Michelle Hartman, assistant district attorney; Elizabeth Beach, judge, Criminal District County Number One, Tarrant County, Texas;

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .." 42 U.S.C.A. § 1983 (West 2012).

and Brad Livingston, director, TDCJ. (Compl., Style; § IV.) Plaintiff alleges that he is illegally imprisoned without due process of law because he was prosecuted and convicted beyond the expiration date of a 10-year term of probation previously imposed upon him. (Compl. § V.) He alleges the defendants acted in a conspiracy to convict him even though the court was without jurisdiction. (Compl. § V.) Plaintiff Bacilio seeks "injunctive relief, compensatory and punitive monetary damages."[2]

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking

---

[2] Plaintiff also writes the word "citizenship" in the "Relief" section of the form complaint. Nothing about Plaintiff's claims relate to his citizenship status. As this Court holds *infra* that Plaintiff's claims challenging his conviction are not cognizable, the Court does not address any issues related to Plaintiff's citizenship.

2

relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the complaint under these standards, the Court concludes that Bacilio's claims must be dismissed.

The Court concludes that none of Bacilio's claims are cognizable. In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995). Bacilio specifically claims the following:

> Plaintiff alleges being illegally imprisoned without due process of law where the convicting court was divested of "all jurisdiction" after Dec, 12th 2007 when the Probation imposed was to expire. The State failed to execute its obligation to extend the courts jurisdiction past said date hence "all jurisdiction" was subsequently lost

3

>and all instruments of law issued under such authority are similarly void. All officers acting in execution of judgment under color of state law are divested of their respective immunities, judicial, absolute, and qualified, and have acted ultra vires of their authority where such actions are deemed to be non-judicial in nature. Plaintiff further alleges that his counsel (Blake Burns) acted in fraudulent confederation and in tacit conspiracy with all court officers (state actors) in breach of his duty to protect the rights of his client, the plaintiff. Such corrupt and implied collusive action was the vehicle for this constitutional violation where Blake Burns, attorney al law is presumed to know such circumstances and cannot plead ignorance. Plaintiff alleges the aforementioned conspiracy to comport with fraudulent concealment, which, with the continuing torts doctrine tolls any limitations for the torts or crimes arising from these circumstances in law.

(Compl. § V.)

Bacilio does not provide sufficient information regarding the underlying conviction in the complaint, but he recites cause number 063057D in other documents. A search of the TDCJ website shows that Miguel Angel Bacilio, TDCJ No. 01912589--SID No. 03734467, was convicted in cause number 063057D for aggravated sexual assault of a child under 14 years of age, with an offense date of August 8, 1996, and a conviction and sentence date in February 18, 2014. *See* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=03734467. As a result of Court staff contact with the Tarrant County district clerk, this Court obtained certified copies of the February 18, 2014 Judgment Adjudicating Guilt in case number 0630576D in Criminal District Court Number One of Tarrant County, Texas, and the criminal docket of that case. These documents are attached as exhibits to this order. The Court takes judicial notice of these state-court records. *See* Fed R. Evid. 201(a) and (b)(2).

Further, a review of state-court appellate records for Miguel Angel Bacilio shows that he has filed an appeal from the February 20, 2014 judgment of conviction and 30 year sentence to the Court of Appeals for the Eighth District of Texas in case number 08-14-00096-CR. *See* http://www.search.txcourts.gov/Case.aspx?cn=08-14-00096-CR&coa=coa08&p=1.[3] The docket of that appellate case shows the case has been submitted on the briefs, and remains pending. A review of the briefs filed on behalf of appellant Miguel Angel Bacilio, and by the Tarrant County district attorney on behalf of the State of Texas, show that Bacilio has raised on direct appeal a challenge to the trial court's jurisdiction. *See Id.*, at June 27, 2014--Appellant's Brief; and at August 26, 2014--State's Brief. This Court takes judicial notice, from the on-line records of the Texas Court of Appeals, Eighth District, in appeal number 08-14-00096-CR, of the fact that Bacilio has a direct appeal pending, and that he has raised in that direct appeal a challenge to whether the trial court lacked jurisdiction in 2014 to enter judgment adjudicating guilt.

Bacilio's claims in this federal civil suit that the defendants engaged in a conspiracy to convict him knowing the court lacked jurisdiction. Yet he is still in the midst of a direct appeal from such conviction with a challenge to whether the trial court, in 2014, had jurisdiction to proceed to adjudication of guilt and conviction. Bacilio's claims challenge his conviction, and a

---

[3]The appellate court docket shows that although the appeal was initially filed as case number 02-14-00082-CR in the Court of Appeals, Second District, Fort Worth, Texas, by order of March 26, 2014, the case was transferred to the Eighth District Court of Appeals and assigned case number 08-14-00096-CR.

5

favorable ruling on his claims in this Court would necessarily invalidate his conviction. *See Curtis v. United States,* 479 F. App'x 255, 258 (11th Cir. 2012) ("Curtis's remaining claims allege that the criminal sentences were invalid because there was a lack of jurisdiction . . . and the defendants conspired to unlawfully extradite, convict, and sentence him. Each of these arguments 'would necessarily imply the invalidity of his conviction or sentence,' and his convictions and sentence have not been invalidated")(citing *Heck*, 512 U.S. at 487)). But, Bacilio has not shown that the conviction has been reversed or set aside in any of the manners listed in *Heck v. Humphrey*. As Bacilio has not shown that his conviction has been invalidated, under *Heck v. Humphrey* his claims, whether they be for monetary damages, injunctive relief, or for declaratory judgment, are not cognizable and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Plaintiff has also filed three separate motions to transfer this case to the United States District Court for the District of

Utah, where he has a separate challenge to the actions of members of the Utah Board of Pardons and Paroles and Utah state court officials, pending as *Bacilio v. Utah Dept. Of Corrs. Et al.*, No. 2:15-CV-233-CW. Because this Court has determined that the claims in this case must be dismissed, there is no basis to transfer the case, and the motions to transfer must be denied.

Therefore, the motions to transfer (docs. 11, 13, and 14) are DENIED.

Further, under the authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[4]

SIGNED December 9, 2015.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

7